UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY A. HEWSTON,

    Plaintiff,

v.                                                  CASE No. 8:05-CV-765-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

The Plaintiff has filed two applications for disability benefits. The Commissioner denied the first but approved the second. This action seeks judicial review of the first. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). Both applications, however, apparently include overlapping medical evidence dealing with the Plaintiff's complications from his bilateral hip prostheses. This makes the Commissioner's decisions seem facially at odds. In the first application, the Commissioner concluded on October 31, 2003, the Plaintiff could work at his former job; yet, on the second application the Commissioner concluded that as of November 1, 2003 (the effective date of disability per the second application decision), the Plaintiff could not perform any work in the national economy. Because the Commissioner fails to provide any reasoning for this incongruence, I find the matter should be remanded for further administrative proceedings per sentence six of § 405(g).

*A. Background*

Plaintiff, who was forty-one years old at the time of his administrative hearing, has a tenth grade education and previous work experience as a security guard, telemarketer, parking lot attendant

and kitchen porter. He alleges disability due to post bilateral total hip arthroplasties with subsequent medical setbacks, chronic back, hip, and knee pain, left shoulder and joint pain, and depression.[1]

Plaintiff initially filed for a period of disability, disability benefits, and supplemental security income on November 7, 2001, alleging a disability onset date of July 1, 2000. At step four of the sequential analysis, the ALJ concluded Plaintiff could return to his prior work as a telemarketer. Plaintiff administratively appealed. During the pendency of that appeal, Plaintiff experienced painful complications with his prostheses that required an emergency room visit in mid March 2004 and subsequent evaluation. *See* R. 213-226. The few medical records for the period suggested Plaintiff's hip prostheses were loose and possibly infected. *See* R. 226.

In mid April 2004, the Plaintiff filed a second application for benefits based on these new developments. He also submitted to the Appeal Council (AC) for review in connection with his appeal of the first application his emergency room records and some follow-up records. The Commissioner awarded benefits on this second application finding the Plaintiff disabled as of November 1, 2003 (the record of that determination is not part of this record). But as to his first application, the AC denied his request for review finding "the information does not warrant a change in the Administrative Law Judge's decision." *See* R. 2. The Appeals Council did not explain why Plaintiff should be considered not disabled one day but disabled the next.

    *B. Discussion*

In *Falge v. Apfel,* 150 F.3d 1320 (11th Cir. 1998), the Eleventh Circuit reiterated that when the AC denies review, as it did here, the decision of the ALJ becomes the final decision of the Commissioner subject to review pursuant to 42 U.S.C. § 405(g). When a claimant presents new

---

[2] The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Order (R.17-20).

evidence to the AC that had not been before the ALJ, that new evidence is still part of the record on appeal. *Id*; *Keeton v. Department of Health and Human Servs.,* 21 F.3d 1064, 1066-67 (11th Cir. 1994). Nonetheless, the reviewing court cannot evaluate this new evidence in determining if substantial evidence supports the ALJ's decision. In short, the ALJ cannot be faulted for evidence not presented to him; therefore, review is confined to that evidence actually submitted to the ALJ. *Falge,* 150 F.3d at 1323. The evidence submitted to the AC can, however, still be the subject of review under 42 U.S.C. § 405(g). Namely, that provision permits courts to remand cases to the Social Security Administration for consideration of newly discovered evidence. In this instance, Plaintiff would have to show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for failure to submit the information at the appropriate administrative level. *Id.*

The Plaintiff seeks remand under sentence six of § 405(g) claiming the evidence he submitted to the AC was new, noncumulative, and relevant. And he asserts good cause exists for not submitting it earlier. I agree. Obviously, this evidence changed (perhaps with other evidence), the Commissioner's view as to the Plaintiff's ability to work after November 1, 2003. The Commissioner found the Plaintiff could not perform any work in the national economy. To think that result would not have persuaded the ALJ to change his opposite ruling made the day before, as the Commissioner now argues, is incredulous. To believe that the disability ruling would not have had a *reasonable probability* of changing the October 31 finding, which is the applicable standard, is even more incredulous. What the Commissioner is asking here, but without directly saying so, is that this Court accept the gratuitous comments the AC made in its notice denying administrative review. Namely, the new evidence the AC received "did not warrant a change in the [ALJ's] decision." That remark,

promoted without any substantial evidence for support, intimates an administrative decision. Yet, *Falge* views the AC's action as a non-decision, a finding not subject to judicial scrutiny. Consequently, the comment should be given no persuasive effect. That said, there is nothing in the record that counters the Plaintiff's logical argument. Undoubtedly, the Plaintiff's hips deteriorated over time. When his ability to work ceased is unclear. What is a reasonable possibility, however, particularly without substantial evidence otherwise, is that this evidence would change the administrative result.

*C. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. This matter is remanded to the Commissioner pursuant to sentence six of 42 U.S.C. 405(g) so that the Commissioner can consider the new evidence the Plaintiff submitted to the Appeals Council.

2. The Clerk is directed to enter judgment for the Plaintiff.

IT IS SO ORDERED at Tampa, Florida on August 31, 2006.


cc: Counsel of Record

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE